## HICKS v. SHIVES.

(Supreme Court, Appellate Division, Second Department.　November 15, 1901).

1. APPEAL AND ERROR—PRESERVATION OF ERROR—RECEPTION OF EVIDENCE.
   Alleged error in the reception of evidence will not be considered on appeal, where it was received without objection on the trial.

2. JUDGMENT—IMPROPER RELIEF—PREMATURE BRINGING OF ACTION.
   Where, in an action for the repair of a wagon and for damages to a sleigh, the defendant admitted the liabilities, but alleged that plaintiff had agreed to wait for his pay for the wagon until defendant's suit against the city for causing the accident in which it was injured had been settled, it was error to render judgment for defendant; the proper remedy being a dismissal of the complaint as to the first cause of action, and judgment for plaintiff as to the second.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by Henry Hicks against Ezra G. Shives. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Clinton T. Roe, for appellant.

James B. Darcy, for respondent.

PER CURIAM. The complaint set out two causes of action,— one for work, labor, and services and materials furnished, amount-

ing to $50.10, in repairing a wagon belonging to the defendant; and the other for damages in the sum of $5, growing out of injuries done to a sleigh which the defendant borrowed from the plaintiff. The answer was a general denial. The proof in behalf of the plaintiff showed that he had done the alleged work upon the wagon, and also that the defendant had injured his sleigh, and had promised to pay $5 for the necessary repairs thereon. In behalf of the defendant the evidence tended to show that the plaintiff had agreed to wait for his pay for repairing the wagon until the trial and determination of the suit against the city of New York, wherein the defendant should endeavor to charge that municipality with liability for the accident in which the vehicle was injured. The plaintiff, in rebuttal, denied having made any such agreement; but the justice before whom the case was tried must have held with the defendant on this issue, for he rendered judgment in favor of the defendant, with costs. Of course, this judgment also disposed of the claim in respect to the sleigh adversely to the plaintiff, although the testimony to the effect that the sleigh had been damaged, and as to the extent of such damage, was in no wise controverted.

The appellant argues that the court erred in receiving evidence that the plaintiff had agreed to await payment until after the determination of the defendant's suit against the city of New York, claiming that such evidence was not admissible under a general denial. But this point is not now available to him, inasmuch as the evidence was received without objection.

It is plain, however, that the judgment should not be allowed to stand. Assuming that the court below was right on the facts in holding that the action was prematurely brought because the time of payment for the repairs on the wagon had not yet arrived, the judgment should simply have dismissed the complaint as far as the first cause of action was concerned, and should have contained a recital that the dismissal was not upon the merits. As to the second cause of action, in respect to the sleigh, that was clearly made out, and entitled the plaintiff to a recovery of at least $5.

Judgment reversed, and new trial ordered; costs to abide the event.